IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RAYMOND WATKINS,                    )
                                    )
              Petitioner,           )        Case No. CV-06-79-S-EJL
                                    )
v.                                  )        **MEMORANDUM DECISION**
                                    )        **AND ORDER**
IDAHO BOARD OF PARDONS AND          )
PAROLE, DIRECTOR OLIVIA             )
CRAVEN, JOHN/JANE DOES,             )
RANDY BLADES,                       )
                                    )
              Respondents.          )
_____ )

        This case was reassigned to this Court from the Magistrate Court to consider the

pending Motion for Summary Dismissal (Docket No. 21) filed by Respondent.  The Court

has also reviewed Petitioner's claims to determine whether they are subject to dismissal

on alternative grounds, pursuant to the Court's authority under Rule 4 of the Rules

Governing Section 2254 Cases.  Having reviewed the record, the Court concludes that

oral argument is unnecessary.  Based upon the record, including the state court record,

and having considered the arguments of the parties, the Court enters the following Order.

MEMORANDUM DECISION AND ORDER  1

## RESPONDENT RANDY BLADES' MOTION TO DISMISS

**A.     Standard of Law for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court."  Rule 4 of the Rules Governing Section 2254 Cases.  In such case, the

Court construes the facts in a light most favorable to the petitioner.

**B.     Overview of Petitioner's Claims**

Here, Petitioner's claims are somewhat difficult to discern, as he has elected to go

forward in habeas corpus under 28 U.S.C. § 2254 with what appears to be a complaint

intended for a civil rights action under 42 U.S.C. § 1983.  The Magistrate Court

appropriately characterized Petitioner's claims from his original pleading as follows: (1)

that the Idaho Commission of Pardons and Parole has violated his due process rights, has

denied him the right to be released upon his fixed time as "promised" by the court, and

has unlawfully resentenced him by holding him beyond his fixed term of incarceration

and requiring him to serve the indeterminate portion of his sentence; (2) that the

Commission requires completion of the "SANE" sex offender rehabilitation program in

order to be eligible for parole, but that it does not offer the program to inmates until they

are within two years of completion of their sentence, violating his due process rights and

unlawfully resentencing him; and (3) that the failure to release him violates his Eighth

Amendment rights.

MEMORANDUM DECISION AND ORDER  2

Petitioner's original pleading also contains a fourth claim seeking habeas corpus relief based upon the Older Americans Act (OAA),[1] and the Americans with Disabilities Act (ADA).[2] This Court agrees with the Magistrate Court that these claims are not cognizable grounds for relief under the habeas corpus statute. *See City of Chicago v. Lindley*, 66 F.3d 819 (7th Cir. 1995) (While the OAA provides that the federal government would aid the states in creating legal assistance programs for older individuals, nothing in the statute provides for a private cause of action); *see Bell v. Cockrell*, 310 F.3d 330, 334 (5th Cir. 2002) (the ADA "neither addresses the imposition of criminal penalties, nor does it suggest that mentally disabled Americans should be treated differently from other Americans who commit crimes").

In addition, the Magistrate Court correctly noted that Petitioner also appeared to assert claims based upon state law grounds, which are not cognizable grounds for habeas corpus relief.[3] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief

---

[1] Older Americans Act of 1965, 42 U.S.C. § 3001, *et seq*., as amended by Pub. L. 98-459, § 802, 98 Stat. 1767 (1984).

[2] Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. § 12101, *et seq*. (Title I), § 12132, *et seq*. (Title II), §§ 12181, *et seq*. (Title III).

[3] To the extent that Petitioner's pleadings allege a separation of powers claim, the Court concludes that it is a noncognizable state law claim for the following reasons. A *state law* separation of powers claim may arise from a parole denial. Such a claim arises when the parole commission, which is a part of the executive branch of the state government, allegedly makes a judicial determination about the terms of imprisonment, thereby usurping the role of the courts.
However, this type of claim is not cognizable on federal habeas corpus review. The *federal* doctrine of separation of powers does not extend to the states under the Fourteenth Amendment. *See Hughes v. Superior Court*, 339 U.S. 460, 467 (1950). The question of whether a state agency violates the doctrine of separation of powers contained in the Idaho Constitution is classified as a state claim. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985). State

does not lie for errors of state law."); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (noting that generally federal habeas corpus is unavailable for alleged errors in interpretation and application of state law). Therefore, Petitioner's claims based on the OAA, ADA, and state law grounds are dismissed for failure to state a claim upon which relief can be granted.

Finally, Respondent has liberally construed Petitioner's additional pleadings to include a fifth claim, that Petitioner's constitutional rights were violated because criminal conduct of a sexual nature is the result of psychopathic behavior or psychosis, and therefore, the State has wrongfully or unlawfully imposed penalties upon sex offenders. The Court will now address Petitioner's remaining claims (first, second, third, and fifth) to determine whether summary dismissal is warranted.

## C.   Exhaustion of State Court Remedies

### 1.   Standard of Law Governing Exhaustion

A habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that no state court remedy is available when he arrives in federal court. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). To

claims cannot be the basis for federal habeas corpus relief.

exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The Idaho Supreme Court has clarified that the proper mechanism for bringing a denial-of-parole action is a petition for writ of habeas corpus, rather than a post-conviction application. *Cole v. State*, 15 P.2d 8230, 823 n.1 (Idaho 2000). The Idaho Court of Appeals has recently reiterated that "[c]ase law supports the use of habeas corpus proceedings to challenge the unlawful denial of parole." *Dopp v. Idaho Com'm of Pardons and Parole*, 84 P.3d 593, 596 (Idaho Ct. App. 2004).

While the Idaho Supreme Court has concurrent jurisdiction with the state district courts to hear habeas corpus matters, it normally does so only in extraordinary cases. In *In re Barlow*, 48 Idaho 309, 282 P. 380 (Idaho 1929), the Court explained:

> The Supreme Court, having jurisdiction to review on appeal decisions of the district courts in habeas corpus proceedings, will not exercise its power to grant an original writ of habeas corpus, except in extraordinary cases. Application has not been made to the district court of the county, and no sufficient reason is assigned for first invoking the jurisdiction of the Supreme Court.

282 P. at 381 (internal citations omitted).

In *Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985), the Ninth Circuit determined that presenting a claim directly to the Idaho Supreme Court did not satisfy the habeas corpus exhaustion requirement. The court reasoned:

MEMORANDUM DECISION AND ORDER  5

Lindquist failed to satisfy the exhaustion requirement by presenting his claim to the Idaho Supreme Court in a petition for a writ of habeas corpus. The effect of the petition was to request the supreme court to exercise its discretionary original jurisdiction in habeas corpus proceedings. *See* Idaho Const. art. V, § 9. Because the supreme court has jurisdiction to review decisions of the lower courts on post-conviction matters, *id.*, it exercises its original jurisdiction in habeas proceedings only in extraordinary circumstances. *In Re Barlow*, 48 Idaho 309, 282 P. 380 (1929).

770 F.2d at 877.

Similarly, in *Sweet v. Cupp*, 640 F.2d 233 (9th Cir. 1981), the Ninth Circuit determined that a state prisoner's petition for writ of habeas corpus to Oregon Supreme Court was insufficient to satisfy the exhaustion requirement, where the petitioner had an alternative remedy in the lower state court and in view of Oregon Supreme Court's long-standing policy of declining exercise of its original jurisdiction.  In *Sweet*, the court also determined that the Oregon Supreme Court's order summarily denying the prisoner's petition without opinion did not constitute a decision on the merits but was a denial on procedural grounds.  Likewise, in *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court determined that a prisoner's submission of a new claim to Pennsylvania Supreme Court on a petition for allocatur was not a "fair presentation" of that claim for purposes of determining whether the prisoner had exhausted his state remedies, because the first presentation of the claim occurred in a procedural context in which the claim's merits would not be considered unless there were special and important reasons.

MEMORANDUM DECISION AND ORDER  6

2.    Discussion of Exhaustion Issue

Based on the foregoing law, the Court concludes that Petitioner did not properly exhaust his state court remedies when he presented his claims directly to the Idaho Supreme Court in a petition for writ of habeas corpus.  No extraordinary circumstances existed to prompt the Idaho Supreme Court to exercise its original jurisdiction.

In Idaho, there is no statute of limitations for state habeas actions.  *Stillwell v. State*, 859 P.2d 964, 969 (Idaho Ct. App. 1993).  Because Petitioner still has a state court remedy available to him under Idaho's state habeas corpus procedure, he must exhaust that remedy before coming to federal court.  *See* 28 U.S.C. § 2254(c).  However, because some of Petitioner's claims are barred by the statute of limitations and because exhaustion after expiration of the statute of limitations does not resurrect untimely claims, the Court now turns to the issue of timeliness.

**D.    Statute of Limitations Defense**

1.    Standard of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions.  *See* 28 U.S.C. § 2244(d)(1).  Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event occurs on the date upon which the conviction became final, either after direct appeal or after the time for

MEMORANDUM DECISION AND ORDER  7

seeking an appeal expires.  At least one of Petitioner's claims arises from his conviction, and, therefore, finality of the judgment of conviction would signal the start of the statute of limitations.

Petitioner asserts other claims that arise from his original denial of parole or from the denial of his subsequent Self-Initiated Parole Reports (SIPRs).  The Court assumes that each claim has its own statute of limitations beginning date, depending on the triggering event specified in 28 U.S.C. § 2244(d)(1)(A)-(D), based on the United States Supreme Court's suggestion in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the statute of limitations applies on a claim-by-claim basis:

> Section 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Id*. at 416 n.6.[4]

For parole claims, the statute of limitations runs from "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), rather than from "the date on which the

---

[4] *Accord*, *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (statute of limitations applies on a "claim-by-claim basis"); *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) (same); *but see Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) ("[t]he statute of limitations in § 2244 (d)(1) applies to the application as a whole; the individual claims within an application cannot be reviewed separately for timeliness").

MEMORANDUM DECISION AND ORDER  8

judgment became final" under § 2244(d)(1)(A), because an administrative decision is not a judgment. *Redd v. McGrath* 343 F.3d 1077 (9th Cir. 2003); *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).

The Ninth Circuit Court of Appeals has addressed the circumstance in which the federal habeas corpus statute of limitations expires before a state post-conviction collateral relief statute. In *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), the court held that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."

 2. <u>Procedural History</u>

Petitioner was convicted of one count of lewd conduct with a minor under the age of sixteen. On May 22, 2000, judgment was entered. Petitioner was sentenced to three years fixed, with twelve years indeterminate. *State's Exhibit B-11.*

On June 11, 2002, Petitioner had a parole eligibility hearing. The minor victim's mother appeared at the hearing and opposed Petitioner's release, which would have been just two years after his conviction. A psychological evaluation of Petitioner was also performed and considered. The Idaho Commission of Pardons and Parole (Commission) denied Petitioner's request for parole on the following grounds: (1) continued inappropriate sexual behavior over a period of several years, including previous sexual incidents with minors in 1970 and 1985; (2) lack of any sex offender programming and failure to take the initiative to enroll in any programming when it was available to him; (3) continued criminal behavior since 1945; and (4) a poor history of community

MEMORANDUM DECISION AND ORDER  9

supervision.  *State's Exhibit B-8*.  As a result of the parole denial, Petitioner was passed to his full-term release date and notified that he could file a Self-Initiated Progress Report (SIPR) to ask for reconsideration of the decision.  *State's Exhibit B-9*.

On September 12, 2003, Petitioner filed his first SIPR, requesting reconsideration of the parole decision and asking for help in entering a sex offender program.  *State's Exhibit B-7*.[5]  On October 23, 2003, the Commission denied the request, stating, "his offending of children has been over a very long period of time.  He is viewed as a very high risk to reoffend."  *State's Exhibit B-6*.

On November 2, 2004, Petitioner wrote to the Commission stating that he could not become eligible to enter the sex offender program until he was eligible for parole or had a tentative parole date, *and* that he could not become eligible for parole or get a tentative parole date without having taken the sex offender program.  He asked for help in resolving this situation.  *See Attachment to State's Exhibit B-4*.  On November 5, 2004, the Commission responded, telling Petitioner that he could continue to file SIPRs and that it had no control over whom the prison placed in its classes.  It further noted that the program had been available to Petitioner prior to his first parole hearing, but that he had not taken the initiative to enroll in the class at that time.  *State's Exhibit B-4*.

On January 11, 2005, the Petitioner filed a second SIPR, asking for a parole date and permission to become enrolled in the SANE class.  *State's Exhibit B-5*.  On February

---

[5]  The SIPR is stamped "Received September 16, *2002*," rather than 2003.

MEMORANDUM DECISION AND ORDER  10

9, 2005, the Commission denied the SIPR, noting the same reasons listed in the original denial and that no significant changes had occurred since the last review.  *State's Exhibit B-3*.

On February 16, 2006 (mailbox rule date), Petitioner submitted a civil rights complaint to the federal court.  *See Complaint* (Docket No. 3).  The Court ordered Petitioner to file an amended complaint in order to proceed.  *Initial Review Order* (Docket No. 7).  Petitioner filed a request to convert the civil rights action into a habeas corpus action.  *See Amended Complaint* (Docket No. 9).  The Court notified Petitioner that he had to show exhaustion of state court remedies in order to proceed in habeas corpus.  *Order of July 18, 2006* (Docket No. 10).

On August 3, 2006, Petitioner filed a copy of his original federal civil rights complaint as a petition for writ of habeas corpus directly with the Idaho Supreme Court. *State's Exhibit A-2*.  On August 9, 2006, the Idaho Supreme Court issued an" Order Conditionally Dismissing Petition," informing Petitioner that his petition would be dismissed if he did not file the required number of copies to the court within fourteen days. *State's Exhibit A-4*.  On September 19, 2006, the court denied the petition.  *State's Exhibit A-5*.  Petitioner then moved to re-open this federal case as a habeas corpus action.

3.      Discussion of Statute of Limitations Issue

a.      *Petitioner's First Claim*

Petitioner's first claim is that the Idaho Commission of Pardons and Parole violated his due process rights by denying him the right to be released upon his fixed time

MEMORANDUM DECISION AND ORDER  11

as promised by the court, and by unlawfully resentencing him when it decided to hold

him beyond his fixed term of incarceration and require him to serve the indeterminate

portion of his sentence.  Because Petitioner is challenging a parole denial decision

rendered by an administrative body, his statue of limitations began to run the day after he

receives notice of denial of the administrative appeal, assuming that an SIPR is an

administrative appeal.[6]  *See Shelby*, 391 F.3d at 1066.

     Here, Petitioner filed his first SIPR on September 12, 2003.  It was denied on

October 23, 2003.  Assuming that Petitioner received it by mail on or before October 26,

2003, then he would have had until October 26, 2004, to file his federal habeas corpus

action, absent any further state proceedings.  His attempt at "exhaustion," the state habeas

corpus petition, was filed with the Idaho Supreme Court on August 3, 2006, too late to

statutorily toll the statute.  The statute of limitations cannot be revived by a late state

---

     [6]  Idaho law provides that there is no direct *judicial* appeal from parole decisions, because the Parole Commission is not an "agency" within the Administrative Procedures Act, and thus inmates cannot "appeal" decisions of the Commission to the Idaho courts.  *See Carman v. Idaho Comm'n of Pardons and Parole*, 809 P.2d 503 (Idaho 1991).  However, it is unclear whether there is an administrative appeal process.  Idaho Administrative Code (IDAPA) § 50.01.01.500 (entitled "Self-Initiated Progress Report") provides: "An inmate may appeal the last parole decision of the commission."  It next states, "An inmate making a request for reconsideration of parole denial must initiate the process by submitting an application."  IDAPA 50.01.01.500.01.  To further muddy the waters on whether the SIPR is an administrative appeal, the Commission's "Notice of Action Taken" states: "If your Self-Initiated Progress Report (SIPR) petitioner was denied, you may submit appeals annually. . . . Your appeal must state the reason reconsideration is requested and the circumstances that have changed."
     If the SIPR process is, in fact, an administrative appeal, the federal habeas corpus statute of limitations does not begin to run until the SIPR is denied.  By the same token, if the inmate files successive SIPRs, as permitted by the administrative rules, then a separate statute of limitations would begin to run from each date on the claims arising from the SIPR.

MEMORANDUM DECISION AND ORDER  12

court filing.  As a result, Petitioner's filing of his federal habeas corpus petition on February 6, 2006, was too late; as a result, Petitioner's first claim arising from the first SIPR is barred by the statute of limitations.

The Court will not allow Petitioner to proceed to a showing that equitable tolling should be applied to excuse the late filing because the Idaho Supreme Court has determined that there is no liberty interest in parole in Idaho, as explained herein below. In other words, even if Petitioner could show that the claim was timely, it is subject to dismissal for failure to state a claim upon which relief can be granted.

> b.    *Petitioner's Second Claim*

Petitioner's second claim is that his due process rights were violated when the Commission required completion of the "SANE" program in order to be eligible for parole but knew that the prison does not offer the program to inmates until they are within two years of completion of their sentence, violating his due process rights and unlawfully resentencing him. This claim arises from Petitioner's second SIPR petition.[7]

Petitioner filed his second SIPR on January 11, 2005.  It was denied on February 9, 2005.  Assuming that Petitioner received it by mail by on or before February 12, 2005, he would have had until February 12, 2006, in which to file his federal habeas corpus petition.  Petitioner's first federal filing was on February 16, 2006, making the claims

---

[7]  The Court rejects Respondent's argument that this claim arose only from a letter prepared by him and a response provided by the Commission on November 2, 2004, and not from his SIPR addressing the same issue, because the SIPR process is in place to "appeal" Commission decisions.

MEMORANDUM DECISION AND ORDER  13

arising from the second SIPR untimely; in addition, Petitioner failed to properly exhaust his second claim in the state court system, as explained above.

However, because the Idaho Supreme Court has determined that there is no liberty interest in parole, which the Court discusses below, this due process claim is subject to dismissal for failure to state a claim upon which relief can be granted; as a result, allowing Petitioner to attempt to show equitable tolling would be futile.

<em>c.     Petitioner's Third Claim</em>

Petitioner's third claim is that his continued incarceration violates the Eighth Amendment proscription against cruel and unusual punishment.  Inmates do not have a constitutional right to rehabilitation or treatment programs.  *See Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982). However, the Parole Commission cannot make the terms of parole impossible to fulfill. In *Sheppard v. State of Louisiana Board of Parole*, 873 F.2d 761 (5th Cir. 1989), the Fifth Circuit Court of Appeals determined that a condition of parole could be construed as punitive and could "affect the length of sentence if the condition was so onerous that it was effectively impossible to meet."  *Id*. at 764.

Here, Petitioner is alleging that the Parole Commission has notice that the prison will not allow an inmate into a sex offender program unless he has a parole eligibility date or a tentative parole date, but that the Commission will not give Petitioner a tentative parole date unless he has completed the sex offender program.  In other words, he is in a "Catch 22" situation -- he can never enter the class because he has no tentative parole

MEMORANDUM DECISION AND ORDER  14

date, and he can never obtain a tentative parole date unless he first completes the sex

offender class.  These allegations are enough to state a claim under the Eighth

Amendment that the Parole Commission has placed an impossible condition on him.[8]

      This claim, which arises from Petitioner's second SIPR petition, is untimely,

following the same analysis for Petitioner's first claim set forth above.  It is also

unexhausted, because Petitioner has not presented it to the Idaho Courts in a habeas

corpus petition beginning in the state district court and ending with the Idaho Supreme

Court.

      *d.*    *Petitioner's Fifth Claim*

      Petitioner's fifth claim is that his rights were violated because Idaho law is

ambiguous in that criminal conduct of a sexual nature is the result of psychopathic

behavior or psychosis and, therefore, the State has wrongfully or unlawfully imposed

penalties upon sex offenders.  This is a claim that clearly arises from his conviction.

Petitioner did not appeal his judgment of conviction, which was entered on May 24, 2000.

Therefore, his judgment became final 42 days later, on July 5, 2000.  Petitioner's federal

statute began running on July 6, 2000, and ended on July 6, 2001, because no state court

action was pending during that time period.  Absent a showing of equitable tolling,

Petitioner's claim is barred by the statute of limitations.  It also appears to be barred by

---

    [8]  This is not to suggest that Petitioner's "impossibility" claim is or is not meritorious.
The Parole Commission alleges that Petitioner was provided opportunities to enter the sex
offender prior to becoming eligible for parole in 2002.

MEMORANDUM DECISION AND ORDER  15

procedural default, because the time to present this argument would have been on direct appeal, and the time for appeal has expired.

The Court will not provide Petitioner with an opportunity to show equitable tolling, cause and prejudice, or a miscarriage of justice to excuse the untimeliness and the procedural default of this claim because it is subject to denial on the merits, as the Court will now explain.[9]

In order to obtain federal habeas corpus relief from a state court judgment, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

>    1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[9]   The U.S. Supreme Court has held that federal courts are not required to address a procedural default issue before deciding against the petitioner on the merits.  *Lambrix v. Singletary*, 520 U.S. 518 (1997).  Where the question of procedural default presents a complicated question law and is unnecessary to a disposition of the case, a court may proceed to the merits.  *Id.* at 525; *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2004); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir.1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted); *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Petitioner is unable to meet the standard set forth above on his claim that his rights were violated because Idaho law is ambiguous in that criminal conduct of a sexual nature is the result of psychopathic behavior or psychosis, and, therefore, the State has wrongfully or unlawfully imposed penalties upon sex offenders.  The Court is unaware of any United States Supreme Court case supporting Petitioner's proposition, and, in fact, the law supports the principle that persons with mental deficiencies can be held accountable for their crimes and punished in an appropriate and humane manner.

Idaho Code § 19-2522(1) provides that if there is reason to believe that the mental condition of the defendant will be a significant factor at sentencing, the sentencing court must appoint a psychiatrist or psychologist to examine and report upon the defendant's mental condition.  Psychosexual evaluations on convicted persons may be ordered to aid the Court in sentencing.  *State v. Gain*, 90 P.3d 920 (Idaho Ct. App. 2004).  The Idaho Court of Appeals has held that where the crime is a product of mental illness, and the perpetrator poses a grave danger to others, a fixed life sentence can be appropriate.  *State v. Cope*, 2005 WL 783356 (Idaho Ct. App. 2005).

United States Supreme Court case law is not to the contrary.  In *Specht v. Patterson*, 386 U.S. 605, 610 (1967), the Court held that if Colorado wished to impose additional punishment of commitment for an indeterminate term of up to life imprisonment upon sex offenders because of their mental illness, the state was required to afford the offender additional due process protections after conviction but before the punishment is imposed.  Subsequent case law is similar.  *See, e.g., Kansas v. Hendricks*,

MEMORANDUM DECISION AND ORDER  17

521 U.S. 346 (1997) (upholding constitutionality of statute under which convicted sex

offenders about to be released after serving their prison sentences could be subject to a

determination of whether civil involuntary commitment for the protection of society was

warranted).

Although it post-dates Petitioner's judgment and cannot serve as "clearly

established law" guiding courts at the time of his sentencing in 2000, the case of *Atkins v.

Virginia*, 536 U.S. 304 (2002), reiterated the principle that appropriate punishment for

mentally deficient persons is to be left to the state legislatures, not outlawed, as Petitioner

argues.  In other words, the direction of the law permitting  punishment of mentally

deficient offenders has not significantly changed from 1967, when *Specht v. Patterson*

was decided.

In *Atkins*, the United States Supreme Court addressed the issues of mental

retardation and punishment, and did not forbid all punishment for convicts who are

mentally retarded; rather, execution alone was prohibited.  In *Atkins*, the Court referred to

its long-standing hands-off approach to the issue of how states may determine punishment

for impaired convicts:

> Not all people who claim to be mentally retarded will be so impaired
> as to fall within the range of mentally retarded offenders about whom there
> is a national consensus. As was our approach in *Ford v. Wainwright*, 477
> U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), with regard to insanity,
> "we leave to the State[s] the task of developing appropriate ways to enforce
> the constitutional restriction upon [their] execution of sentences." *Id*., at
> 405, 416-417, 106 S.Ct. 2595.

MEMORANDUM DECISION AND ORDER  18

536 U.S. at 317.  Particularly relevant here, the *Atkins* Court observed that the

"deficiencies [of the mentally retarded] do not warrant an exemption from criminal

sanctions, but they do diminish their personal culpability," which cuts against Petitioner's

argument that punishment for sex offenders whose crime is the product of psychopathy or

psychosis is unconstitutional.  *Id*. at 318.  Because no United States Supreme Court

precedent exists to support Petitioner's theory, and, in fact, available case law suggests

that his theory is contrary to current precedent, his claim is subject to denial.

**E.      Due Process Claims**

As mentioned above, Petitioner's parole denial claims that are based on due

process principles are subject to dismissal.  The law is clear that there is no federal

constitutional right to parole.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442

U.S. 1, 7 (1979).  Therefore, an inmate can bring a due process challenge to a parole

decision only where there is a state-created liberty interest in parole.  *See Board of*

*Pardons v. Allen*, 482 U.S. 369, 380-81 (1987); *Sass v. California Board of Prison Terms*,

461 F.3d 1123, 1127 (9th Cir. 2006) (If a state statute governing parole uses mandatory

language like "shall" to "create a presumption that parole release will be granted," then an

inmate has a liberty interest in parole and may bring a procedural due process challenge

to a parole decision.).

MEMORANDUM DECISION AND ORDER  19

In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed the liberty interest question.[10]  The court noted that the Idaho sentencing statute, I.C. § 19-2513, uses the nonmandatory words "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence."[11] The *Banks* Court held that, as a result of the statute's language, in Idaho "parole is not an automatic right or liberty interest." *Id.* at 908.  The *Banks* Court acknowledged the existence of  I.C. § 20-223,[12] which governs parole commission decisions and contains

_____

[10]  *Banks* was effectively overruled on other grounds by *Quinlan v. Idaho Commission for Pardons and Parole*, 69 P.3d 146, 149-50 (Idaho 2003) (there is no statutory basis for appointing counsel in a state habeas corpus proceeding).

[11]  I.C. § 19-2513 provides:
 Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, as provided in chapter 26, title 19, Idaho Code, or unless it shall impose the death sentence as provided by law, sentence such offender to the custody of the state board of correction. The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

[12]  Idaho Code § 20-223(c) provides:
Before considering the parole of any prisoner, the commission shall afford the prisoner the opportunity to be interviewed by the commission, a commissioner or other designated commission staff. A designated report prepared by commission staff or a designated department of correction employee which is specifically to be used by the commission in making a parole determination shall be exempt from public disclosure; such reports contain information from the presentence investigation report, medical or psychological information, victim information,

MEMORANDUM DECISION AND ORDER  20

the phrase "a parole shall be ordered when. . . ."  However, the court apparently did not

find the statute's "shall" language controlling in the liberty interest analysis, although that

section is nearly the same as the language deemed mandatory in *Greenholtz* and *Allen*.

Rather, the Idaho Supreme Court relied on I.C. § 19-2513 – which governs sentencing –

noting that it does not contain mandatory language, but instead states that "[t]he offender

*may* be considered for parole or discharged at any time during the indeterminate part of

the sentence."

All Idaho cases are in agreement that the parole statutes are not mandatory and that

there is no liberty interest in parole in Idaho.  *See Izatt v. State*, 661 P.2d 763, 765-66

(Idaho 1983); *Dopp v. Idaho Com'n of Pardons and Parole*, 84 P.3d 593 (Idaho Ct. App.

2004); *Drennon v. Craven*, 105 P.3d 694, 696 (Idaho Ct. App. 2004); *Hays v. State*, 975

P.2d 1181 (Idaho Ct. App. 1999); *Vittone v. State*, 759 P.2d 909 (Idaho Ct. App. 1988).

In addition, in *Balla v. Idaho State Board of Correction*, 869 F.2d 461 (9th Cir. 1989), the

---

designated confidential witness information and criminal history information. A
parole shall be ordered when, in the discretion of the commission, it is in the best
interests of society, and the commission believes the prisoner is able and willing
to fulfill the obligations of a law-abiding citizen. Such determination shall not be
a reward of clemency and it shall not be considered to be a reduction of sentence
or a pardon. The commission may also by its rules, policies or procedures fix the
times and conditions under which any application denied may be reconsidered.
No action may be maintained against the commission and/or any of its members
in any court in connection with any decision taken by the commission to parole a
prisoner and neither the commission nor its members shall be liable in any way
for its action with respect thereto.

MEMORANDUM DECISION AND ORDER  21

Ninth Circuit noted that "§ 20-223 does not establish any entitlement to parole," and cited *Allen* and *Greenholtz* in comparison.[13]

In *Sass*, the Ninth Circuit Court relied on the principle that "a State's highest court is the final judicial arbiter of the meaning of state statutes" to determine whether a state parole statute was mandatory or permissive.  461 F.3d at 1127.  Because the Idaho Supreme Court has spoken on this issue, this Court is bound to follow its interpretation of state law.  Parole is not mandatory in Idaho, resulting in no liberty interest in parole.  This conclusion, in turn, prevents an inmate from pursuing due process claims arising from a denial of parole.  Therefore, because there is no liberty interest in parole in Idaho,

---

[13]  In *Balla*, the Court stated:

Idaho conducts psychological examinations of sex offenders for parole purposes only. Section 20-223(b) requires that a sex offender submit to such an examination before being considered for parole. Idaho Code § 20-223(b). The Parole Commission (Commission) may require a similar examination, however, for any non-sex offender prisoner. *Id*. The Commission is only required to "duly consider" the evaluation. Thus, section 20-223 does not establish any entitlement to parole. *Gee*, 695 P.2d at 379 ("[Idaho Code] § 20-223 does not dictate that the Board of Corrections deny parole to any individual nor does it require that the Board follow the psychiatrist's recommendation, if any."); *Vittone v. State*, 114 Idaho 618, 759 P.2d 909, 910-11 (Ct.App.1988); *Izatt v. State*, 104 Idaho 597, 661 P.2d 763, 765-66 (1983) (*Izatt*). In Idaho, parole is a matter of grace. *Izatt*, 661 P.2d at 766. *Compare Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 2419-22, 96 L.Ed.2d 303 (1987) (Montana parole statute which uses mandatory language to create a presumption of release once certain conditions are met creates a liberty interest protectible under due process clause); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11-12, 99 S.Ct. 2100, 2105-06, 60 L.Ed.2d 668 (1979) (because it contains mandatory language, Nebraska parole statute creates "expectancy of release" which is a liberty interest implicating due process rights).

869 F.2d at 469-70.

Petitioner's due process claims fails to state a claim upon which relief can be granted on federal habeas corpus review.

**F.    Conclusion**

The Court has concluded that Petitioner's first and second claims are untimely. The Court has also concluded that both the first and second claims fail to state a claim upon which relief can be granted under the Due Process Clause.

Petitioner's third claim, based on the Eighth Amendment, is untimely and unexhausted. Exhaustion on this particular claim after today's date would not save the claim's untimeliness. However, if Petitioner files another SIPR on the impossible condition issue (if the circumstance still exists), and then properly exhausts that claim in the state court system beginning with the state district court and ending with the Idaho Supreme Court, he can return to federal court, provided he meets his statute of limitations.

Petitioner's fourth claim is noncognizable. Petitioner's fifth claim is untimely, procedurally defaulted, and alternatively subject to denial on the merits.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 21) is GRANTED.

IT IS FURTHER HEREBY ORDERED that this case is DISMISSED with prejudice.

DATED: **February 26, 2008**

Honorable Edward J. Lodge
U. S. District Judge